IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENDRA ORANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | CV-2017-361 |
| | ) | |
| KEDPLASMA LLC, and KEDRION | ) | Formerly 02-CV-2017-901863 |
| BIOPHARMA INC., | ) | In the Circuit Court of Mobile |
| | ) | County, Alabama |
| Defendants. | ) | |

## NOTICE OF REMOVAL

TO:   John D. Richardson
      David T. Trice
      Richardson Law Firm, LLC
      118 North Royal Street, Suite 100
      Mobile, Alabama  36602

      Hon. Jojo Schwarzauer, Clerk
      Circuit Court of Mobile County
      205 Government Plaza, Suite 913
      Mobile, Alabama  36644-2913

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants KEDPLASMA LLC and Kedrion Biopharma Inc. ("Defendants") hereby serve notice of the removal of this cause from the Circuit Court of Mobile County, Alabama, to this Honorable Court, and respectfully show unto the Court as follows:

1. This action was originally filed on July 20, 2017, in the Circuit Court of Mobile County, Alabama, and assigned case number CV-2017-901863.  Plaintiff named KEDPLASMA LLC and Kedrion Biopharma Inc. as defendants in the Complaint, along with fictitious parties.

2. The Complaint alleges a cause of action for negligent conduct associated with the Plaintiff's donation of plasma in exchange for money on or about July 27, 2015.

3. Plaintiff states in her complaint that she is a resident of Mobile County, Alabama. (Complaint ¶ 1.) She alleges that KEDPLASMA LLC is a foreign limited liability company doing business in Mobile County, Alabama and is a subsidiary to Kedrion Biopharma Inc. (Complaint ¶ 2.) Plaintiff states that Kedrion Biopharma Inc. is a foreign corporation doing business in Mobile County, Alabama, with its corporate office located in Fort Lee, New Jersey. (Complaint ¶ 3.)

4. This Notice of Removal is filed within thirty (30) days of the date of service of the Summons and Complaint. Therefore, this Notice of Removal has been filed within the time allowed by the law under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b); *Fed. R. Civ. P.* 6(a).

5. Pursuant to 28 U.S.C. § 1446(d), Defendants have served by mail a copy of this Notice on Plaintiff through her counsel of record and are filing a copy of this Notice with the Clerk of the Circuit Court of Mobile County, Alabama.

6. The documents attached hereto as Exhibit A constitute a copy of the Circuit Court's file, including process, pleadings and discovery served upon Defendants.

## DIVERSITY JURISDICTION

7. This Removal is based on diversity jurisdiction. 28 U.S.C. § 1332. To confer diversity jurisdiction, the amount in controversy between the parties must exceed the sum or value of $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a). Moreover, the action must be brought "between citizens of different States." 28 U.S.C. § 1332(a)(1).

**I.    Complete Diversity Exists in This Case.**

8. Plaintiff is a resident citizen of Alabama. (Complaint ¶ 1.)

9. Defendant Kedrion Biopharma Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Fort Lee, New Jersey. (Exhibit B,

Declaration of Matthew Grogan, ¶ 3.)  A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business.  *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing 28 U.S.C. § 1332(c)).  Therefore, Kedrion Biopharma Inc. is a citizen of Delaware and New Jersey.

10. Defendant KEDPLASMA LLC is a limited liability company organized and existing under the laws of the State of Delaware.  (Exhibit B, ¶ 2.) Its sole member is Kedrion Biopharma Inc. which is a citizen of Delaware and New Jersey.  (*Id*.)  A limited liability company is a citizen of any state of which a member of the company is a citizen.  *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Therefore, for purposes of diversity jurisdiction, KEDPLASMA LLC is a citizen of Delaware and New Jersey.

11. Because the state of citizenship of the Defendants is completely diverse from Plaintiff's citizenship, complete diversity exists in this case.

**II.     The Amount in Controversy Exceeds $75,000.**

12. In her Complaint, Plaintiff sues for compensatory damages based on her allegations that she (a) was permanently disabled; (b) was caused mental anguish, suffering, and pain and will be caused same in the future; and (c) will be caused to lose future income and job opportunities because of her disability. (Complaint, pp.4-5.)

13. Plaintiff was born in 1987, and so she is approximately 30 years old.  (Exhibit B, Exhibit 1.)  Therefore it is reasonable to expect that she claims approximately 35 years' worth of lost future income and job opportunities.

14. While the Complaint does not state a specific dollar amount of damages at issue, the allegations of the Complaint make it "facially apparent" that the amount in controversy

exceeds the jurisdictional minimum. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.") (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).

15. District courts are permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010); *see also Roe*, 613 F.3d at 1061-62. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe,* 613 F.3d at 1062. Moreover, at the jurisdictional stage, the amount-in-controversy is "an estimate of the amount that will be put at issue in the course of the litigation." *Pretka,* 608 F.3d at 751 (citations and quotations omitted). A removing defendant need only show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe,* 613 F.3d at 1061 (citations omitted). A defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754.

16. Based on the Plaintiff's allegations, particularly that she is permanently disabled and has lost and will in the future lose job opportunities, as well as her age, the amount in controversy more likely than not exceeds the jurisdictional requirement. Even assuming that she is unable to work part-time, for 20 hours a week, at the current minimum wage ($7.25), her lost wages for one year would total over $7,500.[1] It would only take 10 years of lost part-time work

---

[1] 20 hours/week x $7.25 per hour x 52 weeks = $7,540.

opportunities to exceed the jurisdictional threshold,[2] and half the time if she alleges she is unable to work at all.[3]  Therefore, "it is readily deducible from the complaint that the amount in controversy exceeds $75,000."  *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1374 (S.D. Ala. 2009).

17. As a result, the amount in controversy in the present case exceeds $75,000, exclusive of interest and costs.

Based on the foregoing, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441, *et seq.*

                                                             */s/ Rodney R. Cate*
                                                             RODNEY R. CATE (CATER8568)
                                                             CHRISTINE HARDING HART (HARTC5687)
                                                            *Attorneys for Defendants KEDPLASMA LLC*
                                                            *and Kedrion Biopharma Inc.*

OF COUNSEL:

HAND ARENDALL LLC
11 North Water Street
RSA Tower, Suite 30200
Mobile, Alabama  36602
Telephone:   (251) 432-5511
Facsimile:    (251) 544-1693
Email: rcate@handarendall.com
Email: chart@handarendall.com
3235841_2

---

[2] 20 hours/week x $7.25 per hour x 52 weeks x 10 years = $75,400.
[3] 40 hours/week x $7.25 per hour x 52 weeks x  5 years = $75,400.

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have on this day, August 10, 2017, served a copy of the foregoing pleading on the following listed counsel of record by mailing the same by United States Mail, property addressed and first class postage prepaid.

    John D. Richardson
    David T. Trice
    Richardson Law Firm, LLC
    118 North Royal Street, Suite 100
    Mobile, Alabama  36602

                                        */s/ Rodney R. Cate*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KENDRA ORANGE

**DEFENDANTS**
KEDPLASMA LLC, and KEDRION BIOPHARMA, INC.

**(b)** County of Residence of First Listed Plaintiff: Mobile, AL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bergen County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John D. Richardson
118 N. Royal Street, Suite 100, Mobile, AL 36601

Attorneys *(If Known)*
Rodney R. Cate
P. O. Box 123
Mobile, AL 36601

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332, 1441, and 1446
Brief description of cause:
Negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 08/10/2017
SIGNATURE OF ATTORNEY OF RECORD: /s/ Rodney R. Cate

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE